PROBER & RAPHAEL, A LAW CORPORATION
DEAN R. PROBER, ESQUIRE, #106207
LEE S. RAPHAEL, ESQUIRE #180030
CASSANDRA J. RICHEY, ESQUIRE #155721
MELISSA A. VERMILLION, ESQUIRE #241354
BONNI S. MANTOVANI, ESQUIRE #106353
ANNA LANDA, ESQUIRE #276607
DIANA TORRES-BRITO, ESQUIRE #163193
JONATHAN N. VAKNIN, ESQUIRE #263642
20750 Ventura Boulevard, Suite 100
P. O. Box 4365
Woodland Hills, California 91365-4365
(818) 227-0100
B.180-002
Attorneys for Secured Creditor  The J.C. Boucher 2005 Family Trust.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

In re                                                    )     Bk. No. 16-51596
                                                         )
Rosabel Annie Lee,                                       )
                                                         )     CHAPTER 13
                 Debtor.                                 )
                                                         )
_____ )

NOTICE OF SECURITY INTEREST IN RENTS AND PROFITS

TO DEBTOR, DEBTOR'S ATTORNEY AND ALL INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN pursuant to 11 U.S.C. § 552(b) and § 546(b) of the

Bankruptcy Code that The J.C. Boucher 2005 Family Trust its assignees and/or successors in

interest, has a security interest in the rents and profits in that certain real property commonly

known as **1254 Thornmill Way, San Jose, CA 95121**.

Said security interest arises from a Promissory Note and Deed of Trust dated July 24,

2015 in the original amount of $380,000.00. A copy of the Note and Deed of Trust is attached

hereto as **Exhibit "A"** and is incorporated herein by this reference.

NOTICE IS HEREBY GIVEN that pursuant to Bankruptcy Code § 546(b), The J.C.

Boucher 2005 Family Trust, its assignees and/or successors in interest, hereby claims a perfected

1

1  security interest in rents, issues and profits of the afore-described subject property.

2      NOTICE IS ALSO GIVEN that as a result of this Notice of Perfection under §546(b)

3  concerning the rents, issues and profits from the subject Property, that all rents, issues and profits

4  generated hereafter from the afore-described real property are deemed cash collateral as defined

5  under 11 U.S.C. § 363(a) and are subject to the perfected security interest held by The J.C.

6  Boucher 2005 Family Trust, its assignees and/or successors in interest.

7      NOTICE IS HEREBY GIVEN that said cash collateral must be segregated and separately

8  accounted for pursuant to Bankruptcy Code § 363(c)(4).

9      NOTICE IS FURTHER GIVEN that The J.C. Boucher 2005 Family Trust, its assignees

10  and/or successors in interest, does not consent to the use of their cash collateral and hereby

11  demands that such funds generated from the subject real property be segregated and separately

12  accounted for as required by law and turned over to The J.C. Boucher 2005 Family Trust, its

13  assignees and/or successors in interest.

14  Dated: June 17, 2016                              Prober & Raphael, A Law Corporation

15

16                                                    /s/ Dean R. Prober, Esq.
                                                      DEAN R. PROBER, ESQUIRE, #106207
17

18

19

20

21

22

23

24

25

26

27

28

2

<div align="center">**SPECIAL NOTICE**</div>

<div align="center">**THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.**</div>

The following statement provides you with notice of certain rights that you may have by law. Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

<div align="center">**CONSUMER DISCLOSURE**</div>

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify Movant's attorneys within 30 days that all or a part of your obligation or judgment is disputed, then Prober & Raphael, ALC will mail to you a written verification of the obligations or judgment and the amounts owed to The J.C. Boucher 2005 Family Trust. In addition and upon your request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I, Daniel Maximo, certify that I am a resident of the County aforesaid; I am over the age of 18 years and not a party to the within action; my business address is 20750 Ventura Boulevard, Suite 100, Woodland Hills, California 91364.

On 06/20/2016 , I served the within NOTICE OF SECURITY INTEREST IN RENTS AND PROFITS on all interested parties in this proceeding by placing true and correct copy thereof enclosed in a sealed envelope with postage prepaid in the United States Mail at Woodland Hills, California, addressed as follows:

Rosabel Annie Lee
17400 S Crater Road
South Prince George, VA 23805
Debtor

Stanley Phan, Esquire
Phan Law Firm, Inc.
2092 Concourse Dr, # 49
San Jose, CA 95131
Attorney for Debtor

Devin Derham-Burk
P.O. Box 50013
San Jose, CA 95150-0013
Chapter 13 Trustee


I declare that I am employed in the office of a member of the Bar at whose direction this service was made.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on  06/20/2016  at Woodland Hills, California.


/s/ Daniel Maximo

Redacted          Redacted                                    p.1



RECORDING REQUESTED BY
LAWYERS TITLE

RECORDING REQUESTED BY
Escrow Lenders

AND WHEN RECORDED MAIL TO:

The J.C. Boucher 2005 Family Trust
2620 Ryans Place
Lancaster, CA 93536

Redacted

Parcel No. 499-06-037



DOCUMENT: 23040349          Pages:
                                    Fees          71
                                    Taxes
                                    Copies.
                                    AMT PAID       71

REGINA ALCOMENDRAS                  ROE #
SANTA CLARA COUNTY RECORDER         7/31/2
Recorded at the request of          2:01 P
Title Company

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made this 24th Day of July 2015, between

TRUSTOR: Rosabel A. Lee, an unmarried woman whose address is 17400 S Crater Rd, Petersborg, VA 23805

TRUSTEE:     Lawyers Title Company

BENEFICIARY: The J.C. Boucher 2005 Family Trust

Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE that property in the City of San Jose, Santa Clara County, State of California, described as:

## SEE EXHIBIT "A"

This Deed of Trust is given and accepted upon the express provision that should the property hereinbefore described, or any part hereof, be conveyed or alienated by Trustor, either voluntarily or by operation of law, without Beneficiary's written consent, then all sums secured hereby shall, at Beneficiary's option, become immediately due and payable.

TOGETHER WITH the rents, issues, and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by PARAGRAPH 10 of the provisions incorporated by reference to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $380,000.00 executed by Trustor in favor of Beneficiary or order. 3.Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES: By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County on October 18, 1961, and in all other counties on October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located , noted below and opposite the name of such county, viz:



EXHIBIT A

| County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Imperial | 1189 | 701 | Kings | 1457 | 559 | San Diego | 371 | 683 | Tehama | 461 | 131 |
| Alpine | 1 | 250 | Inyo | 147 | 598 | Lake | 362 | 863 | San Francisco | 5567 | 61 | Solano | 1287 | 617 |
| Amador | 104 | 348 | Kern | 3427 | 60 | Lassen | 171 | 471 | San Joaquin | 2470 | 311 | Sonoma | 1851 | 689 |
| Butte | 1130 | 1 | Kings | 792 | 833 | Los Angeles | 3438 | 523 | San Luis Obispo | 1151 | 12 | Stanislaus | 1715 | 456 |
| Calaveras | 145 | 152 | Lake | 362 | 39 | Madera | 810 | 170 | San Mateo | 4078 | 420 | Sutter | 572 | 297 |
| Colusa | 296 | 617 | Lassen | 171 | 471 | Marin | 1849 | 122 | Santa Barbara | 5567 | 61 | Tehama | 401 | 289 |
| Contra Costa | 3978 | 47 | Los Angeles | 3438 | 523 | Mariposa | 77 | 292 | Santa Clara | 6626 | 664 | Trinity | 93 | 366 |
| Del Norte | 78 | 414 | Madera | 810 | 170 | Mendocino | 579 | 530 | Shasta | 684 | 528 | Tulare | 2294 | 275 |
| El Dorado | 568 | 456 | Marin | 1849 | 122 | Merced | 1547 | 538 | Sierra | 35 | 187 | Tuolumne | 135 | 47 |
| Fresno | 4626 | 572 | Mariposa | 77 | 292 | Modoc | 184 | 851 | Siskiyou | 506 | 762 | Ventura | 2607 | 237 |
| Glenn | 422 | 184 | Mendocino | 579 | 530 | Mono | 52 | 429 | Solano | 1287 | 621 | Yolo | 653 | 245 |
| Humboldt | 657 | 527 | | | | | | | | | | Yuba | 334 | 486 |

(which provisions, identical in all counties, are printed on page 3 of this document) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any Notice of Default and a copy of any Notice of Sale be mailed to Trustor at Trustor's address hereinbefore set forth, or if none shown, to Trustor at the property address.

NOTICE: A COPY OF ANY NOTICE OF DEFAULT AND OF ANY NOTICE OF SALE WILL BE SENT ONLY TO THE ADDRESS CONTAINED IN THIS RECORDED REQUEST. IF YOUR ADDRESS CHANGES, A NEW REQUEST MUST BE RECORDED.

_____

Rosabel A. Lee

Document Date: 7/24/2015

---

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

V. Rginia     Prince George
State Of California County Of Santa Clara

On ___July 24, 2015___, before me, Mary P. Gromovsky, a notary public in and for said state, personally appeared Rosabel A. Lee who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California (V. Rginia) that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: Mary P. Gromovsky (Seal)



Mary P. Gromovsky
Notary Public - ID 7608824
Commonwealth of VA
My Com. Exps. Aug. 31, 2018

# DO NOT RECORD

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

## TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the rate called for in the note secured hereby, or at the amount allowed by law at date of expenditure, whichever is greater, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them.)

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be

appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties, must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

--------------------------------------DO NOT RECORD-------------------------------------

## REQUEST FOR FULL RECONVEYANCE

*To be used only when note has been paid.*

To: Lawyers Title Company, Trustee                          Date: _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Mail Reconveyance to:                                      _____

_____                           _____

_____                     By: _____

_____                     By: _____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.

Both must be delivered to the Trustee for cancellation before reconveyance will be made.

_____

**Short Form**
**DEED OF TRUST**
WITH POWER OF SALE                                                      AS TRUSTEE
(INDIVIDUAL)

| County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 855 | 556 | Imperial | 1091 | 501 | Merced | 1547 | 538 | San Benito | 271 | 383 | Siskiyou | 468 | 181 |
| Alpine | 1 | 250 | Inyo | 147 | 598 | Modoc | 184 | 851 | San Bernardino | 5567 | 61 | Solano | 1105 | 182 |
| Amador | 104 | 348 | Kern | 3978 | 60 | Mono | 52 | 429 | San Francisco | A332 | 905 | Sonoma | 1851 | 689 |
| Butte | 1145 | 1 | Kings | 792 | 833 | Monterey | 2194 | 538 | San Joaquin | 2470 | 311 | Stanislaus | 1715 | 456 |
| Calaveras | 145 | 152 | Lake | 362 | 39 | Napa | 639 | 86 | San Luis Obispo | 1151 | 12 | Sutter | 572 | 297 |
| Colusa | 296 | 617 | Lassen | 171 | 471 | Nevada | 305 | 320 | San Mateo | 4078 | 420 | Tehama | 401 | 289 |
| Contra Costa | 3978 | 47 | Los Angeles | T2055 | 899 | Orange | 5889 | 611 | Santa Barbara | 1878 | 860 | Trinity | 93 | 366 |
| Del Norte | 78 | 414 | Madera | 810 | 170 | Placer | 895 | 301 | Santa Clara | 5336 | 341 | Tulare | 2294 | 275 |
| El Dorado | 568 | 456 | Marin | 1508 | 339 | Plumas | 151 | 5 | Santa Cruz | 1431 | 494 | Tuolumne | 135 | 47 |
| Fresno | 4626 | 572 | Mariposa | 77 | 292 | Riverside | 3005 | 523 | Shasta | 684 | 528 | Ventura | 2062 | 386 |
| Glenn | 422 | 184 | Mendocino | 579 | 530 | Sacramento | 4331 | 62 | Sierra | 29 | 335 | Yolo | 653 | 245 |
| Humboldt | 657 | 527 | | | | San Diego Series 2 Book 1961, Page 183887 | | | | | | Yuba | 334 | 486 |

(which provisions, identical in all counties, are printed on page 3 of this document) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any Notice of Default and a copy of any Notice of Sale be mailed to Trustor at Trustor's address hereinbefore set forth, or if none shown, to Trustor at the property address.

**NOTICE: A COPY OF ANY NOTICE OF DEFAULT AND OF ANY NOTICE OF SALE WILL BE SENT ONLY TO THE ADDRESS CONTAINED IN THIS RECORDED REQUEST. IF YOUR ADDRESS CHANGES, A NEW REQUEST MUST BE RECORDED.**

[signature] ______________________ ______________________

Rosabel A. Lee

Document Date: 7/24/2015

**A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.**

State Of ~~California~~ Virginia, County Of ~~Santa Clara~~ Prince George

On July 24 2015, before me, Mary P. Gromovsky, a notary public in and for said state, personally appeared Rosabel A. Lee who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ~~California~~ Virginia that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Mary P. Gromovsky (Seal)

Mary P. Gromovsky
Notary Public - ID 7608824
Commonwealth of VA
My Com. Exps. Aug 31, 2018

Redacted



## DEFAULT RATE ADDENDUM TO NO1...

Date: 7/24/2015

Borrowers: Rosabel A. Lee

THIS DEFAULT RATE ADDENDUM TO NOTE (the "Addendum") is made this 24th Day of July 2015 and is incorporated into and shall be deemed to amend and supplement that certain note (the "Note") made by the undersigned ("Borrower") in favor of The J.C. Boucher 2005 Family Trust ("Lender") and dated the same date as this Addendum. Repayment of the Note is secured by a Mortgage, Deed of Trust (the "Security Instrument") given by Borrower in favor of Lender and dated the same date as this Addendum. To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower and Lender further covenant and agree as follows:

**Default Rate.** So long as (a) any monthly installment under this Note remains past due past the grace period or (b) any other Event of Default has occurred and is continuing, interest under this Note shall accrue on the unpaid principal balance from the earlier of the due date of the first unpaid monthly installment or the occurrence of such other Event of Default, as applicable, at a rate (the "Default Rate) equal to the lesser of (19.99%) per annum or the maximum interest rate which may be collected from Borrower under applicable law. If the unpaid principal balance and all accrued interest are not paid in full on the Maturity Date, the unpaid principal balance and all accrued interest shall bear interest from the Maturity Date at the Default Rate. Borrower acknowledges that (a) its failure to make timely payments will cause Lender to incur additional expenses in servicing and processing the Loan, (b) during the time that any monthly installment under this Note is delinquent for thirty (30) days or more, Lender will incur additional costs and expenses arising from its loss of the use of the money due and from the adverse impact on Lender's ability to meet its other obligations and to take advantage of other investment opportunities; and (c) it is extremely difficult and impractical to determine those additional costs and expenses . Borrower also acknowledges that, during the time that any monthly installment under this Note is delinquent for thirty (30) days or more or any other Event of Default has occurred and is continuing, Lender's risk of nonpayment of this Note will be materially increased and Lender is entitled to be compensated for such increased risk. Borrower agrees that the increase in the rate of interest payable under this Note to the Default Rate represents a fair and reasonable estimate, taking into account all circumstances existing on the date of this Note, of the additional costs and expenses Lender will incur by reason of the Borrower's delinquent payment and the additional compensation Lender is entitled to receive for the increased risks of nonpayment associated with a delinquent loan. Borrower agrees that the Default Rate contemplated herein shall not be exclusive and Lender may be additionally compensated by late fees and other fees as specifically outlined in the Note. During any period that the Default Rate is in effect the additional interest accruing over and above the rate stated in the Note shall be immediately due and payable in addition to the regularly scheduled principal and interest payments.

_____                    _____
Rosabel A. Lee

## BALLOON RIDER

THIS BALLOON RIDER is made this 24th Day of July 2015, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note (the "Note") to The J.C. Boucher 2005 Family Trust (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

### 1294 Thornmill Way, San Jose, CA 95121

(Property Address)

The interest rate stated on the Note is called the "Note Rate." The date of the Note is called the "Note Date." I understand the Lender may transfer the Note, Security Instrument and this Rider. The Lender or anyone who takes the Note, the Security Instrument and this Rider by transfer and who is entitled to receive payments under the Note is called the "Note Holder."

ADDITIONAL COVENANTS. In addition to the covenants and agreements in the Security Instrument Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the Security Instrument or the Note):

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon Rider.

_____    7/24/15    _____
Rumbel A. Lee                       Date                                    Date

# BALLOON RIDER

THIS BALLOON RIDER is made this 24th Day of July 2015, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note (the "Note") to The J.C. Boucher 2005 Family Trust (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

**1254 Thornmill Way, San Jose, CA 95121**

[Property Address]

The interest rate stated on the Note is called the "Note Rate." The date of the Note is called the "Note Date." I understand the Lender may transfer the Note, Security Instrument and this Rider. The Lender or anyone who takes the Note, the Security Instrument and this Rider by transfer and who is entitled to receive payments under the Note is called the "Note Holder."

ADDITIONAL COVENANTS. In addition to the covenants and agreements in the Security Instrument, Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the Security Instrument or the Note):

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon Rider.

Rosibel A. Lee                      7/24/15                          
                                    Date                            Date

Redacted

## DEFAULT RATE ADDENDUM TO NOTE

Date: 7/24/2015

Borrowers: Rosabel A. Lee

THIS DEFAULT RATE ADDENDUM TO NOTE (the "Addendum") is made this 24th Day of July 2015 and is incorporated into and shall be deemed to amend and supplement that certain note (the "Note") made by the undersigned ("Borrower") in favor of **The J.C. Boucher 2005 Family Trust** ("Lender") and dated the same date as this Addendum. Repayment of the Note is secured by a Mortgage, Deed of Trust (the "Security Instrument") given by Borrower in favor of Lender and dated the same date as this Addendum. To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower and Lender further covenant and agree as follows:

**Default Rate.** So long as (a) any monthly installment under this Note remains past due past the grace period or (b) any other Event of Default has occurred and is continuing, interest under this Note shall accrue on the unpaid principal balance from the earlier of the due date of the first unpaid monthly installment or the occurrence of such other Event of Default, as applicable, at a rate (the **"Default Rate"**) equal to the lesser of (**19.99%**) per annum or the maximum interest rate which may be collected from Borrower under applicable law. If the unpaid principal balance and all accrued interest are not paid in full on the Maturity Date, the unpaid principal balance and all accrued interest shall bear interest from the Maturity Date at the Default Rate. Borrower acknowledges that (a) its failure to make timely payments will cause Lender to incur additional expenses in servicing and processing the Loan, (b) during the time that any monthly installment under this Note is delinquent for thirty (30) days or more, Lender will incur additional costs and expenses arising from its loss of the use of the money due and from the adverse impact on Lender's ability to meet its other obligations and to take advantage of other investment opportunities; and (c) it is extremely difficult and impractical to determine those additional costs and expenses. Borrower also acknowledges that, during the time that any monthly installment under this Note is delinquent for thirty (30) days or more or any other Event of Default has occurred and is continuing, Lender's risk of nonpayment of this Note will be materially increased and Lender is entitled to be compensated for such increased risk. Borrower agrees that the increase in the rate of interest payable under this Note to the Default Rate represents a fair and reasonable estimate, taking into account all circumstances existing on the date of this Note, of the additional costs and expenses Lender will incur by reason of the Borrower's delinquent payment and the additional compensation Lender is entitled to receive for the increased risks of nonpayment associated with a delinquent loan. Borrower agrees that the Default Rate contemplated herein shall not be exclusive and Lender may be additionally compensated by late fees and other fees as specifically outlined in the Note. During any period that the Default Rate is in effect the additional interest accruing over and above the rate stated in the Note shall be immediately due and payable in addition to the regularly scheduled principal and interest payments.

_____

Rosabel A. Lee

Redacted

ESCROW NO.:

# NOTE SECURED BY DEED OF TRUST

## INSTALLMENT NOTE – INTEREST ONLY

**$380,000.00**                **LAGUNA NIGUEL, CALIFORNIA**                7/24/2015

In installments and at the time hereinafter stated, for value received, I/We promise to pay to

The J.C. Boucher 2005 Family Trust or order, at 2620 Ryans Place, Lancaster, CA 93536, or place designated by the holder(s) hereof, the principal sum of THREE HUNDRED EIGHTY THOUSAND DOLLARS ($380,000.00), with interest from _____7/29/2015_____ on the amounts of principal remaining from time to time unpaid, until said principal sum is paid, at the rate of 12.99% (per cent), per annum. INTEREST ONLY due in monthly installments of FOUR THOUSAND ONE HUNDRED THIRTEEN DOLLARS AND 50/100, ($4,113.50), or more on the First day of each and every month, commencing on 1st September 2015 and continuing thereafter until 30th November 2016 at which time a balloon payment of the entire unpaid principal balance, together with interest due thereon, shall become all due and payable.

The Deed of Trust securing this note contains the following: "This Deed of Trust is given and accepted upon the express provision that should the property hereinbefore described, or any part thereof, be conveyed or alienated by Trustor, either voluntarily or by operation of law, without Beneficiary's written consent, then all sums secured hereby shall, at Beneficiary's option, become immediately due and payable."

"Privilege is reserved by the maker hereof to prepay this Note in part or in full prior to 9 months from date of Note herein, provided that an amount equal to (9) months' advance interest at the rate of 12.99% of any principal is paid as a penalty."

In the event any payment is not paid within 10 days of the due date, Trustor shall pay to Beneficiary a LATE CHARGE of 10% in addition to each payment due and unpaid.

Each payment shall be credited first on interest then due and the remainder on principal sum; and interest shall thereupon cease upon the amount so credited on the said principal. Should default be made in payment of any installment when due the whole sum of principal and interest shall become immediately due at the option of the holder of this note. Principal and interest payable in lawful money of the United State of America. Should suit be commenced to collect this note or any portion thereof, such sum as the Court may deem reasonable shall be added hereto as attorney's fees. This note is secured by a Deed of Trust to Lawyers Title Company, as Trustee, affecting property located at: **1254 Thornmill Way, San Jose, CA 95121**

_Rosabel A. Lee_ (signature)

Rosabel A. Lee

**DO NOT DESTROY THIS NOTE:** When paid , said original Note, together with the Deed of Trust securing same, must be surrendered to Trustee for cancellation and retention before reconveyance will be made.